-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDGARDO MALDONADO-ARCE,

        Plaintiff,

                                                    **DECISION AND ORDER**
-v-                                            11-CV-0138A

DAVID R. PETERS, Director New York State
Department of Social Services, DAVID TODTENHAGEN,
DENNIS GREENE, STEVE GREENE, ROSA AMELIA GONZALEZ,
ANGEL LUIS QUIROS, JEFFREY A. LAZROE, ELLIZ GOMEZ,
ANDY GARCIA, FAVIOLA RIOTT, THE CHILDREN HOSPITAL,
JOANNE WALSH, NEW YORK STATE EXECUTIVE DEPARTMENT,
Division of Human Rights, ROCCO DINA, Commissioner Police
Department, U.S. DISTRICT ATTORNEY, Buffalo, New York, and
CHRISTOPHER SCHRODER,

        Defendants.

---

Plaintiff, Edgardo Maldonado-Arce, a *pro se* serial filer in this Court,[1] initially commenced this action in the United States District Court, District of Puerto Rico,

---

[1] The following cases have been filed by plaintiff in this Court or transferred to this Court and dismissed either *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) or on motion to dismiss: *Maldonado v. Peters, et al.*, 03-CV-0392A; *Maldonado v. N.Y. Compensation, et al.*, 03-CV-0421A, *Maldonado v. Social Security*, 03-CV-0681S; *Maldonado v. Hagen [Todtenhagen]*, 03-CV-0703A; *Maldonado v. Todtenhagen*, 05-CV-0141A; *Maldonado v. State of New York Workers Comp Board*, 05-CV-0211A; *Maldonado v. Peters, et al.*, 05-CV-0264A; *Maldonado v. Todtenhagen*, 05-CV-0276A; *Maldonado v. Barnhart*, 05-CV-0471A; *Maldonado v. Peters, et al.*, 05-CV-0556A; *Maldonado v. Todtenhagen*; 05-CV-0632A; and *Maldonado v. New York State Workers Compensation Board*, 05-CV-0721A. All of the cases filed in 2005 were simply re-filings of cases previously filed and dismissed by the Court in 2003 or 2004: (1) *Maldonado v. N.Y. Compensation, et al.*, 03-CV-0421A, *Maldonado v. State of New York Workers Comp Board*, 05-CV-0211A, and *Maldonado v. New York State Workers Compensation Board*, 05-CV-0721A; (2) *Maldonado v. Peters, et al.*, 03-CV-0392A, *Maldonado v. Peters et al.*, 05-CV-0264A, and *Maldonado v. Peters, et al.*, 05-CV-0556A (all alleging against the same defendants named in the instant action that Mr. Maldonado and his girlfriend were the parents of an unborn child who died as a result of a drug raid in the City of Buffalo); (3) *Maldonado v. Social Security*, 03-CV-0681A and *Maldonado v. Barnhart*, 05-CV-0471A; and (4) *Maldonodo [sic] v. Hagen [sic]*, 03-CV-0703A, *Maldonado v. Todtenhagen*, 05-CV-0141A, *Maldonado v. Todtenhagen*; 05-CV-0276A, and *Maldonado v. Todtenhagen*, 05-CV-0632A (all alleging that defendant Todtenhage failed to give Mr. Moldonado a $27 million reward for information he claimed he provided to Todtenhagen, a retired FBI agent, prior to the September 11, 2001, terrorist attacks. The information Mr. Moldonado allegedly gave to Todtenhagen was pictures relating to graffiti at a local pool, which Mr. Maldonado claimed posed a threat to Puerto Ricans in the United States and stated: ""F *** All Puerto Ricans in America."

alleging civil rights violations and damages suffered due to the loss of an unborn child in Buffalo, New York. He alleges--as he had in at least three prior cases filed in this Court against the same defendants[2]--that he and his girlfriend were the parents of an unborn child who died during a police raid in the City of Buffalo because he was falsely accused of being a drug dealer. Mr. Maldonado has been enjoined from filing any actions in this Court without first obtaining permission from the Court. *Maldonado v. State of New York Workers Compensation Board*, 05-CV-0721A, Docket No. 5, Decision and Order, entered June 8, 2006, notice of appeal dismissed, Docket No. 9, Order (Second Circuit, April 4, 2007).

Upon the granting of Mr. Maldonado's application to proceed *in forma pauperis* and an order directing service of the summons and complaint on defendants, two of the defendants, Dennis Greene and Steve Greene,[3] moved to transfer the venue of this action to this Court. The District of Puerto Rico granted the motion and transferred this action to this Court pursuant to 28 U.S.C. § 1404(a).

Because it is clear that this action is wholly frivolous and duplicative of at least three prior actions filed in this Court, which were dismissed as frivolous, *see Nietzke v. Williams*, 490 U.S. 319, 324 (1999), and repetitive, *see, e.g., Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915[e] as malicious.") (quoting

---

[2]*Maldonado v. Peters, et al.*, 03-CV-0392A; *Maldonado v. Peters et al.*, 05-CV-0264A; and *Maldonado v. Peters, et al.*, 05-CV-0556A

[3]It appears from the docket report that these defendants are the only two who have appeared in this action.

2

*Robinson v. Woodfork*, 834 F.2d 1023 (5th Cir. 1987)); *Blake v. Bentsen*, 95 CV 2227 (SJ), 1995 WL 428694, at *2 (E.D.N.Y. July 11, 1995) (directing dismissal of repetitious litigation as abusive and malicious), it must be dismissed pursuant to 28 U.S.C., § 1915(e)(2)(B)(i).[4] Moreover, this action would also be subject to the defenses of res judicata and collateral estoppel. *See Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (citing *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)).

While the Court recognizes that its prior order only precluded Mr. Maldonado from filing any further actions in this Court without first obtaining permission, it is important to note that had Mr. Maldonado filed this action in this Court, as he should have, *see* 28 U.S.C. § 1391(b), he would have been subject to the preclusion order and the Court would have denied him permission to file this action because it is frivolous and repetitive. The Court cannot say definitively that Mr. Maldonado filed this action in the District of Puerto Rico, where he now resides, in order to circumvent this Court's preclusion order but such a scenario cannot and should not be discounted.

For the reasons discussed above, this action is dismissed with prejudice, *see* 28 U.S.C. § 1915(e)(2)(B)(I), and all pending motions, including the two filed in this

---

[4] 28 U.S.C. § 1915(e)(2)(B) provides in relevant part:

(2) Notwithstanding any filing fee . . . the court shall dismiss the case *at any time* if the court determines that–
    (A) the affirmation of poverty is untrue; or
    (B) the action or appeal is–
        (i) frivolous or malicious . . . .

(Emphasis added.)

Court following transfer: plaintiff's motion for appointment of counsel (Docket No. 78) and counsel's motion to withdraw as counsel for defendants Dennis and Steve Greene (Docket No. 79), are denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: April 27, 2011